**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS HEALTH AND WELFARE FUND; and CHARLES A. WHOBREY, as Trustee, | ) | Case No. |
| | ) | Judge |
| *Plaintiffs,* | ) | Magistrate Judge |
| v. | ) | |
| CHIEF HOME BUILDERS LLC, an Indiana Limited Liability company, | ) | |
| *Defendant.* | ) | |

## COMPLAINT

Plaintiffs, Central States, Southeast and Southwest Areas Health and Welfare Fund (the "Health Fund") and Charles A. Whobrey, one of the Health Fund's present trustees, allege as follows:

## JURISDICTION AND VENUE

1. This action is brought and maintained in accordance with the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*., and is a suit to recover employer contributions owed to the Health Fund by Defendant in accordance with applicable collective bargaining agreements, a participation agreement, and the Health Fund's Trust Agreement.

2. This Court has jurisdiction over this action under 29 U.S.C. § 1132(e)(1).

3. Venue lies in this Court under 29 U.S.C. § 1132(e)(2), in that the Health Fund is an "employee benefit plan" as that term is defined in 29 U.S.C. § 1002(3) and is administered at its principal place of business in Chicago, Illinois. Venue is also proper in this Court pursuant to the

forum selection clause contained in the Health Fund's Trust Agreement which designates this District as the appropriate forum for lawsuits to collect unpaid contributions.

## PARTIES

4. The Health Fund is an employee benefit plan and trust, with its principal and exclusive office located at 8647 West Higgins Road in Chicago, Illinois.

5. The Health Fund is primarily funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining agreements with local unions affiliated with the International Brotherhood of Teamsters ("IBT") on behalf of employees of those same employers. All principal and income from such contributions and investments thereof is held and used for the exclusive purpose of providing health and welfare benefits to participants and beneficiaries of the Health Fund and paying the administrative expenses of the Health Fund.

6. Plaintiff Charles A. Whobrey is a trustee and "fiduciary" of the Health Fund as that term is defined in 29 U.S.C. § 1002(21)(A). Pursuant to 29 U.S.C. § 1132(a)(3), Charles A. Whobrey is authorized to bring this action on behalf of the Health Fund and its participants and beneficiaries in his capacity as a trustee and fiduciary.

7. Chief Home Builders LLC ("Chief Home Builders") is a limited liability company organized under the laws of the State of Indiana. Chief Home Builders is an "employer" and a "party-in-interest" as those terms are defined by 29 U.S.C. §§ 1002(5) and 1002(14)(C).

## BACKGROUND INFORMATION

8. Local Union No. 142 affiliated with the IBT ("Local 142") is a labor organization which represents, for the purpose of collective bargaining, certain employees of Chief Home Builders and employees of other employers in industries affecting interstate commerce.

9. During all relevant times, Chief Home Builders and Local 142 have been parties to one or more collective bargaining agreements (the "CBAs") pursuant to which Chief Home Builders has been required to make contributions to the Health Fund on behalf of its covered employees.

10. Chief Home Builders and Local 142 are also parties to a participation agreement (the "Participation Agreement") which requires Chief Home Builders to pay contributions to the Health Fund. Specifically, paragraph 2 of the Participation Agreement provides that Chief Home Builders must contribute to the Health Fund for every hour worked by employees covered by the CBAs.

11. Chief Home Builders agreed to be bound by the terms of the Health Fund Trust Agreement (the "Trust Agreement") and all rules and regulations promulgated by the Trustees under said Trust Agreement.

12. Under Article III, Section 1 of the Trust Agreement, Chief Home Builders is required to "remit continuing and prompt Employer Contributions to the [Health Fund] as required by the applicable collective bargaining agreement, participation agreement, this Agreement and/or other written agreement to which the Employer is a party. . . ."

13. Article XI, Section 4 of the Trust Agreement provides that:

> Non-payment by an Employer of any moneys due shall not relieve any other Employer from its obligation to make payment. In addition to any other remedies to which the parties may be entitled, an Employer shall be obligated to pay interest on any Employer Contributions from the date when the payment was due to the date when the payment is made, together with all expenses of collection incurred by the Trustees, including, but not limited to, attorneys' fees and such fees for late payment as the Trustees determine and as are permitted by law. The interest payable by an Employer, in accordance with the preceding sentence, shall be computed and charged to the Employer (a) at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, or (b) at an annualized rate of 7.5% (whichever is greater). Any judgment against an Employer

> for Employer Contributions owed to this Fund shall include the greater of (a) a doubling of the interest computed and charged in accordance with this section or (b) single interest computed and charged in accordance with this section plus liquidated damages in the amount of 20% of the unpaid Employer Contributions. The interest rate after entry of a judgment against an Employer for contributions and/or other amounts due shall be due from the date the judgment is entered until the date of payment, shall be computed and charged to the Employer on the entire judgment balance (a) at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, or (b) at an annualized rate of 7.5% (whichever is greater), and such interest shall be compounded annually.

14. The Health Fund relies upon participating employers to self-report the work history of eligible employees. The self-reporting system requires participating employers to identify those employees for whom contributions are owed and requires the employers to identify the hours worked by the covered employees. Based upon the employee work history reported by the employers, the Health Fund bills the employers for contributions.

15. Under this self-reporting system, the Health Fund sends the employer a bill for the contributions owed for the month at issue. In creating this bill, the Health Fund generally uses the most recent reporting received from the employer (usually from the prior month) and assumes no changes in the pool of covered employees and bills 40 hours per week. If the employer has corrections or adjustments to the bill, the employer must timely provide those corrections or adjustments to the Health Fund. Otherwise, the employer is liable for the amounts billed by the Health Fund.

16. In line with this practice, paragraph 8 of the Participation Agreement provides that Chief Home Builders is required to pay the contribution amounts billed by the Health Fund to the extent Chief Home Builders fails to timely self-report employee work history.

## STATUTORY AUTHORITY

17. 29 U.S.C. § 1145 provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

18. 29 U.S.C. § 1132(g)(2) provides:

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan --
>
> (A) the unpaid contributions,
>
> (B) interest on the unpaid contributions,
>
> (C) an amount equal to the greater of—
>
> (i) interest on the unpaid contributions, or
>
> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> (E) such other legal or equitable relief as the court deems appropriate.
>
> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

## COUNT I – AUDIT FINDINGS

19. Plaintiffs incorporate the allegations of paragraphs 1 through 18 as if fully restated herein.

20. Pursuant to the Trust Agreement, the Health Fund is permitted to audit work history records of participating employers to verify the accuracy and completeness of the reported employee work history submitted as part of the self-reporting system.

21. The Health Fund audited Chief Home Builders' records to verify the accuracy and completeness of employee work history reported to the Health Fund by Chief Home Builders during a period that included March 16, 2025 through November 29, 2025.

22. The audit revealed that Chief Home Builders had failed to accurately report the work history of its covered employees.

23. Chief Home Builders has breached the provisions of ERISA, the CBAs, the Participation Agreement, and the Trust Agreement by failing to pay the contributions (and interest due thereon) owed to the Health Fund for the period of March 16, 2025 through November 29, 2025.

24. Chief Home Builders owes the Health Fund at least $32,415.43 for unpaid contributions (not including interest) for the period of March 16, 2025 through November 29, 2025, as a result of the conduct set forth in paragraph 23.

25. The Health Fund has notified Chief Home Builders of the audit findings in the principal amount of $32,415.43 and has demanded payment of those audit findings. Nonetheless, Chief Home Builders has not paid any portion of the audit findings.

26. Under the Trust Agreement, employers are required to pay audit fees and audit costs if litigation is required to collect additional billings that result from an audit.

**WHEREFORE**, Plaintiffs request the following relief:

(a) A judgment against Defendant and in favor of the Health Fund, pursuant to 29 U.S.C. § 1132(g)(2), and under the Trust Agreement, for:

(i) the unpaid contributions owed to the Fund by Defendant for the period of March 16, 2025 through November 29, 2025;

(ii) interest on the unpaid contributions computed and charged at the greater of either (a) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, or (b) an annualized interest rate of 7.5%;

(iii) an amount equal to the greater of interest on the unpaid contributions or liquidated damages of 20% of the unpaid contributions;

(iv) attorney's fees and costs; and

(v) audit fees and costs;

(b) Post-judgment interest computed and charged on the entire balance of the judgment at the greater of (i) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, or (ii) at an annualized interest rate of 7.5%, and with said interest to be compounded annually; and

(c) Such further or different relief as this Court may deem proper and just.

## COUNT II – MAY 2026 THROUGH SEPTEMBER 2026 BILLINGS

27. Plaintiffs incorporate the allegations of paragraphs 1 through 18 as if fully restated herein.

28. After billing Chief Home Builders for the period of April 26, 2026 through

September 5, 2026, the Health Fund received information on the actual hours worked for some, but not all, of Chief Home Builders' covered employees.

29. Based upon the work history provided to the Health Fund for certain covered employees and the contribution amounts billed by the Health Fund for the other covered employees, Chief Home Builders has breached the provisions of ERISA, the CBAs, the Participation Agreement (including paragraph 8 of the Participation Agreement), and the Trust Agreement by failing to pay the contributions (and interest due thereon) owed to the Health Fund for the period of April 26, 2026 through September 5, 2026.

30. Despite demands that Chief Home Builders perform its statutory and contractual obligations with respect to making contributions to the Health Fund, Chief Home Builders has neglected and refused to pay the amounts that are due as a consequence of the conduct set forth in paragraph 29.

31. Chief Home Builders owes the Health Fund at least $97,992.78 for unpaid contributions (not including interest) for the period of April 26, 2026 through September 5, 2026 as a result of the conduct set forth in paragraph 29.

**WHEREFORE**, Plaintiffs request the following relief:

(a) A judgment against Defendant and in favor of the Health Fund, pursuant to 29 U.S.C. § 1132(g)(2), for:

(i) all unpaid contributions owed to the Health Fund for the period of April 26, 2026 through the date of the judgment;

(ii) interest on the unpaid contributions computed and charged at the greater of either (a) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the

fifteenth (15th) day of the month for which the interest is charged, *or* (b) an annualized interest rate of 7.5%;

(iii) an amount equal to the greater of interest on the unpaid contributions or liquidated damages of 20% of the unpaid contributions; and

(iv) attorney's fees and costs;

(b) Post-judgment interest computed and charged on the entire balance of the judgment at the greater of (i) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, *or* (ii) at an annualized interest rate of 7.5%, and with said interest to be compounded annually; and

(c) Such further or different relief as this Court may deem proper and just.

Respectfully submitted,

*/s/Cara M. Anthaney*
Cara M. Anthaney (ARDC #6304583)
CENTRAL STATES FUNDS
Law Department
8647 W. Higgins Road, 8th Floor
Chicago, Illinois 60631
847-939-2367
cantha@centralstatesfunds.org

November 16, 2026

*ATTORNEY FOR PLAINTIFFS*